# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, ) <br> 2400 Research Boulevard, Suite 500 ) <br> Rockville, Maryland 20850, ) <br> ) <br> and ) <br> ) <br> NATIONAL ELECTRICAL ANNUITY PLAN, ) <br> 2400 Research Boulevard, Suite 500 ) <br> Rockville, Maryland 20850, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RP RUIZ CORP. d/b/a RICHARD'S ) <br> CONSTRUCTION COMPANY, INC., ) <br> a California corporation, ) <br> 3502 Somis Road, ) <br> Somis, CA 93066 ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.  8:18-cv-3129 |

## **COMPLAINT**

1.      This is an action brought by the Trustees of multiemployer pension plans, the National Electrical Benefit Fund (hereinafter the "NEBF") and the National Electrical Annuity Plan (hereinafter the "NEAP"), to collect delinquent contributions and related sums from Defendant RP Ruiz Corp. d/b/a Richard's Construction Company, Inc., an employer that is obligated to contribute to the NEBF and the NEAP pursuant to the provisions of its collective bargaining agreements and the NEBF and the NEAP plan documents.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. 1132(e). Plaintiffs are fiduciaries to the NEBF and the NEAP, and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. 1132(a)(3), and 1145. Venue is proper because the NEBF and the NEAP are administered within this district. ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**PARTIES**

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). NEBF is a defined benefit plan as defined by Section 3(35) of ERISA, 29 U.S.C. § 1002(35). The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. The NEAP is a multiemployer employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the IBEW and NECA. NEAP is a defined contribution plan as defined by Section 3(34) of ERISA, 29 U.S.C. § 1002(34). The address of NEAP is 2400 Research Boulevard, Suite 500, Rockville, Maryland, 20850-3238.

6. Employers agree to participate in NEBF and NEAP pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions.

7. Defendant RP Ruiz Corp. is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF and the NEAP, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5). Upon information and belief, Defendant is a California corporation whose main place of business is 3502 Somis Road, Somis, California 93066. Upon information and belief, RP Ruiz Corp. also performs business and operates under the assumed name Richard's Construction Company, Inc. Both entities are collectively referred to herein as "Defendant."

## STATEMENT OF CLAIM

### Allegations Common to Claims by NEBF and NEAP

8. Defendant is a signatory, and has been a signatory continuously during all relevant periods, to collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 47 as the collective bargaining representatives of its employees. Pursuant to the Collective Bargaining Agreements, Defendant is obligated to submit contributions to NEBF and NEAP on behalf of its employees covered by the Collective Bargaining Agreements for all relevant periods.

9. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

10. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

11.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

**NEBF's Claims**

12.     Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"), which has governed the administration of NEBF at all times relevant to this action.

13.     The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including audit costs and attorneys' fees, incurred in collecting the delinquency.

14.     Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEBF Trust Agreement, Defendant failed to make all of its required contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

15.     According to reports prepared by Defendant and submitted to NEBF's local collection agent, Defendant failed to pay the NEBF at least $28,065.40 in contributions for work performed during the period April through July 2018.

16.     Interest on the NEBF delinquent contributions through the date hereof is equal to $1,004.78.

17. Liquidated damages on the NEBF delinquent contributions is equal to $5,613.08.

18. Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to the NEBF participants employed by Defendant upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

19. NEBF has incurred attorneys' fees and costs in connection with its attempts to collect the delinquent contributions.

### NEAP's Claims

20. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Agreement and Trust for the National Electrical Annuity Plan (the "NEAP Trust Agreement"), which have governed the administration of NEAP at all times relevant to this action.

21. The NEAP Trust Agreement authorizes the Trustees to take all actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees and costs, and audit expenses, incurred in collecting the delinquency.

22. Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEAP Trust Agreement, Defendant failed to make all of its required contributions to NEAP on behalf of the employees covered by the Collective Bargaining Agreements.

23. According to reports prepared by Defendant and submitted to NEAP's local collection agent, Defendant failed to pay the NEAP at least $138,070.59 in contributions for work performed during the period April through July 2018.

24. Interest on the NEAP delinquent contributions through the date hereof is equal to $5,001.04.

25. Liquidated damages on the NEAP Delinquent Contributions is equal to $27,614.12.

26. Despite Defendant's breaches of its obligations, the Trustees of NEAP will be required to provide benefits to NEAP participants employed by Defendant, upon their retirement, based on the total amount of their individual accounts, which would include contributions which Defendant was required, but failed, to contribute.

27. NEAP has incurred attorneys' fees and costs in connection with its attempts to collect the NEAP Delinquent Contributions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff NEBF prays for judgment in its favor and against Defendant, and that the Court's judgment include:

(a) an order that Defendant pay **$28,065.40**, which represents all unpaid contributions due and owing the NEBF for the periods of contributions for work performed during the period April through July 2018;

(b) interest on the unpaid contributions calculated from the date due until the date paid at the rate of 10% per annum;

(c) liquidated damages in the amount of **$5,613.08**;

(d) any contributions due and owing for work performed from August 2018 until entry of judgment, plus interest and liquidated damages thereon; and

(e) an award of all reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff NEAP prays for judgment in its favor and against Defendant, and that the Court's judgment include:

(a) an order that Defendant pay **$138,070.59**, which represents all unpaid contributions due and owing the NEBF for the periods of contributions for work performed during the period April through July 2018;

(b) interest on the unpaid contributions calculated from the date due until the date paid at the rate of 10% per annum;

(c) liquidated damages in the amount of **$27,614.12**;

(d) any contributions due and owing for work performed from August 2018 until entry of judgment, plus interest and liquidated damages thereon; and

(e) an award of all reasonable attorneys' fees and costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

                                  Respectfully Submitted,

Dated: October 10, 2018

*/s/ Jennifer Bush Hawkins*
Jennifer Bush Hawkins (13064)
POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
900 7th Street NW, Suite 1020
Washington, DC 20001
(202) 223-0888
jhawkins@phk-law.com

*Attorney for the Plaintiffs*
*National Electrical Benefit Fund and*
*National Electrical Annuity Plan*